IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI, #56820-379, a/k/a Swamiji Sri Selvam Siddhar, and PARVATHI SIVANADIYAN,<br><br>Plaintiff,<br><br>vs.<br><br>JACQUELINE H. REYNOLDS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 23-cv-01210-JPG<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is Plaintiff Annamalai Annamalai's Motion to Reconsider or, Alternatively, to Amend, Vacate, or Alter Judgment filed July 21, 2023. (Doc. 45). For the reasons set forth herein, the motion is **DENIED**.

## Background

Annamalai filed this action in the Circuit Court of the First Judicial Circuit in Williamson County, Illinois, and it was removed to this federal court on April 12, 2023. *See Annamalai, et al. v. IRS, et al.*, No. 2023-LA-25 (filed Mar. 15, 2023). In the Complaint, Annamalai asserted claims stemming from his criminal prosecution and forfeiture proceedings in the Northern District of Georgia in *United States v. Annamalai*, No. 13-cr-437-TCB-CMS (N.D. Ga.). Annamalai alleged that his trade secrets, religious statuary, and real property in California, Ohio, Texas, and Georgia were wrongfully seized and/or forfeited in the criminal proceedings based on statements made by former Internal Revenue Service (IRS) Agent Jacqueline Reynolds. These statements resulted in his conviction on 34 counts of criminal activity, 22 of which were ultimately vacated. *See United States v. Annamalai*, 939 F.3d 1216, 1221 (11th Cir. 2019).

1

Annamalai brought the following claims in this case against the United States, IRS, former IRS Agent Reynolds of Georgia, Nathan Ravichandran of India, Viswanthan Laksmanan of India and/or Georgia, Ricky and Rhonda Green of Texas, R.W. Green Partnership of Texas, and Navaree Robbins Partnership of Texas for violations of federal and state law:

**Count 1:** Religious Freedom Restoration Act claim against Reynolds, IRS, United States, and Doe Defendants.

**Count 2:** Federal Tort Claims Act claim against the United States for property loss resulting from criminal forfeiture proceedings under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2674, *et seq*.

**Count 3:** Illinois and Federal Racketeer Influenced Corrupt Organization Act claims against Reynolds, Ravichandran, Lakshmanan, Mr. Green, Ms. Green, Green Partnership, Navaree Partnership, and Doe Defendants.

**Count 4:** Illinois Racketeer Influenced Corrupt Organization Act claims against Reynolds, Ravichandran, Lakshmanan, Mr. Green, Ms. Green, Green Partnership, Navaree Partnership, and Doe Defendants.

**Counts 5-6:** No claim listed.

**Count 7:** Eighth Amendment (*Bivens* claim) against Reynolds.

**Count 8:** Illinois Human Rights Act claim pursuant to 735 ILCS § 5/8-101, *et seq*.

**Count 9:** Illinois intentional infliction of emotional distress claim against no particular defendants.

**Count 10:** Illinois unjust enrichment claim against Reynolds, Ravichandran, Lakshmanan, Mr. Green, Ms. Green, Green Partnership, Navaree Partnership, and Doe Defendants.

**Count 11:** Illinois abuse of process claim against Reynolds, Ravichandran, Lakshmanan, Mr. Green, Ms. Green, Green Partnership, Navaree Partnership, and Doe Defendants.

**Count 12:** Illinois negligent infliction of emotional distress claim against undefined group of "government actors" and Lakshmanan.

**Count 13:** Request for recognition and enforcement of state judgment in Vigo County, Illinois under the Full Faith and Credit Clause and 28 U.S.C. § 1738.

(*See* Doc. 1-1, pp. 1-49). At the time, Annamalai was an inmate in the custody of the Federal Bureau of Prisons and housed at the United States Penitentiary in Thomson, Illinois.

The United States and IRS removed the case to this federal court, and the Court found that removal was proper. (Doc. 31). In the same Order, the Court concluded that the doctrine of derivative jurisdiction operated as a bar to the federal court's jurisdiction. *Id*. This case was dismissed without prejudice on June 2, 2023. *Id*.

## Motion for Reconsideration

Annamalai seeks reconsideration of this decision. (Doc. 45). According to Annamalai, all claims are actually based on federal torts and should have been allowed to proceed in federal court, given that he properly exhausted his remedies before filing suit as required under the Federal Tort Claims Act (FTCA). *Id*. at 1-5. He seeks permission to amend his complaint and address the concerns cited by the Court in the Dismissal Order (Doc. 31).

## Discussion

A motion challenging the merits of a district court order is generally treated as a motion filed under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different deadlines and legal standards govern these motions.

Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W*., 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). A Rule 59(e) motion must be filed within 28 days of the order being challenged.

Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. App'x at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Although Annamalai's motion is considered timely under both rules,[1] he is not entitled to the relief under either one. He challenges the Court's application of the doctrine of derivative jurisdiction to Counts 1-13.[2] According to this doctrine, a federal court acquires no jurisdiction upon removal of an action where the state court had no jurisdiction over the subject matter or the parties in the first place. *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020); *Edwards v. United States Dept. of Justice*, 43 F.3d 312 (7th Cir. 1994); *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Derivative jurisdiction represents a procedural bar to the federal court's exercise of federal judicial power. *Hammer v. United States Dep't of Health and Human Servs.*, 905 F.3d 517 (7th Cir. 2018). The "entire principle behind derivative jurisdiction is that the case was not 'properly constructed' because it was brought in the wrong forum." *Id*. at 535 (citing *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011)).

---

[1] The Court has applied the "prison mailbox rule" and determined that the motion seeking reconsideration of the Dismissal Order (Doc. 31) was filed within 28 days of its entry. The prison mailbox rule provides that ". . . a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). Annamalai certified that he placed the motion into the prison's mail on June 26, 2023, which is 24 days after entry of the Dismissal Order (Doc. 31) and Judgment (Doc. 32). Annamalai's motion is considered timely under Rules 59(e) and 60(b).
[2] Annamalai does not challenge the Court's finding that removal of this action was proper.

4

In the Order Dismissing Case (Doc. 31), the Court considered whether the state court had subject matter and/or personal jurisdiction. The Court concluded that the state court lacked subject matter jurisdiction over the claims at issue in Counts 1, 2, 7, and 13 and lacked personal jurisdiction over the defendants named in connection with the state law claims in Counts 3, 4, 8, 9, 10, 11, and 12.[3] Given the state court's absence of jurisdiction over the subject matter and parties, this Court reasoned, the doctrine of derivative jurisdiction operated as a procedural bar to the federal court's jurisdiction. *Id*.

Annamalai seeks leave to amend the complaint and invoke federal jurisdiction under the Federal Tort Claims Act (FTCA) as a workaround. But, this Court already explained that it could not allow an amendment for this purpose. (Doc. 31). Moreover, even if the FTCA applied to Annamalai's thirteen claims, the state court still lacked jurisdiction to hear them because district courts have exclusive jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1). Absent this jurisdiction in state court, the federal court acquired no jurisdiction when the case was removed. Dismissal of the action was thus proper. *See Ajabu v. Harvey*, 2018 WL 3586588, at *2-*4 (S.D. Ind. July 26, 2018) (finding dismissal proper under the doctrine of derivate jurisdiction where state court lacked jurisdiction over FTCA claims that were removed to federal court and dismissed before a final decision was entered on the merits).

On this basis, the Court dismissed this action without prejudice and instructed Annamalai to initiate a separate suit in state or federal court, if he wished to pursue his claims. The Court reaches the same conclusion upon reconsideration of this matter. The motion shall be **DENIED**.[4]

---

[3] Annamalai omitted Counts 5 and 6 as claims in the Complaint.
[4] The Court also denies Annamalai's request for an amended judgment that excludes the name of a defendant he now wishes to voluntarily dismiss. The Court scoured the record and found no written request still on file for dismissal of this party before judgment.

## **FINAL WARNING: SANCTIONS**

Annamalai has failed to heed numerous warnings to refrain from unnecessary, redundant, and harassing filings.  (Docs. 31, 49, and 53).  In the Order Dismissing Case (Doc. 31), the Court noted that Annamalai is a three-striker who has been declared a vexatious litigant in Texas and Georgia based on sixty (60) federal lawsuits and forty (40) state lawsuits he has filed.  *Id*. at 10.  Even so, he "filed nineteen motions, pleadings, or other documents in this matter [before its dismissal].  Many are voluminous, redundant, and even harassing—asserting claims and arguments that were already dismissed by other courts."  *Id*.  The Court warned Annamalai to refrain from unnecessary and harassing filings, or face sanctions.  *Id*. at 11.

What followed was a steady stream of unnecessary, frivolous, and harassing post-judgment filings from him.  (Docs. 35, 37-39, 41-43, 46-48).  Often, Annamalai filed documents, awaited a ruling, and then filed an apologetic request for withdrawal of the documents.  Time and again, the Court had to stop and address these frivolous post-judgment filings.  At Doc. 49, the Court stated: "For the second time in this action, Plaintiff is **WARNED** that this Court will not tolerate abusive, malicious, or frivolous filings from Plaintiff. Further violations shall result in sanctions that may include monetary fines, dismissal, and/or a filing restriction, among other things." *Id*.

Annamalai continued to file papers with the Court.  *See* Docs. 50-52.  And, at Doc. 53, the Court again stated: "For the third and final time in this action, Plaintiff is **WARNED** that this Court will not tolerate abusive, malicious, or frivolous filings from Plaintiff. Further violations shall result in sanctions that may include monetary fines, dismissal, and/or a filing restriction, among other things." *Id*.  This third warning still stands, and it applies in this, or any other, case before this Court.

## Disposition

Plaintiff Annamalai's Motion to Reconsider or, Alternatively, to Amend, Vacate, or Alter Judgment (Doc. 45) is **DENIED**. If Annamalai wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within sixty days of the entry of this order and set forth each of the issues he plans to present on appeal. FED. R. APP. P. 4(a)(1)(A); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

## FINAL WARNING:

**Annamalai is WARNED that this Court will not tolerate abusive, malicious, or frivolous filings. Further violations of this Order *in this or any other case* before this Court shall result in sanctions that include monetary fines, dismissal, and/or a filing restriction, among other things.**

**IT IS SO ORDERED.**

**DATED: 1/24/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**